Case number 24-3282, International Union of Painters and Allied Trades District Council 6 et al versus Warren Smith et al. Oral argument not to exceed 15 minutes for plaintiffs, 15 minutes to be shared by the defendants. Diane Robinson for the appellant, you may proceed. Good afternoon, may it please the court. My name is Diana Robinson for the appellants. I would like to reserve five minutes for rebuttal. There are two issues on this appeal. The first is whether the district court erred in denying appellant's request for a preliminary injunction and the second is whether the district court erred in dismissing the employer trustee defendants, the claims that were against them. I'll start with the first issue. Regarding the denial of the preliminary injunction, the district court erred to the extent that it found that the appellants do not have a likelihood of success on the merits. While appellants admit there's not a ton of case law on this issue of trustee entrenchment and that there's unfortunately no binding precedent in the Sixth Circuit, the Department of Labor has issued guidance on this very issue and every other court that has considered the issue of unlawful entrenchment. The Eastern and Southern Districts of New York and the Northern District of Illinois have all found that ERISA fiduciaries violate their duties of loyal and prudence if they entrench themselves in their positions. What about the issue of irreparable harm? You're going to address that because there's an argument that these various claims can be resolved by way of money damages or something to that effect. There's nothing that's going happen between now and the end of the case that is going to cause irreparable harm. So the cases that have considered the issue of unlawful entrenchment have found irreparable harm is a matter of law. That there doesn't have to be a showing of pecuniary or monetary harm because the very nature of these Taft-Hartley plans requires that there be equal representation of union trustees and management trustees and does require this duty of loyalty to plan participants. If the incumbent trustees can entrench themselves in that position and they don't have the fear of potentially the union coming in and pulling them off the fund or the employers association on the other side coming in and removing them from the fund for inappropriate behavior, they might act in that way. And that's exactly what's happening in this case. You say that those cases have found it's necessarily irreparable harm. Can you tell us which of those cases were seeking injunctive relief? Sure. So these were all cited in our brief. I don't have the full sites but it's Demopolis, Hudson Valley 2, Messino, and Blevins. Those all were seeking preliminary injunctive relief and irreparable harm was found in those cases. So to get back to the regarding the denial of the preliminary injunction on the merits, these cases that I've just cited as well as others have found that a trustee is entrenched when a fund's governing provisions do not permit the termination of the trustees on reasonably short notice under the circumstances. And there are specific trust agreement provisions that these courts have considered and found to be unlawfully entrenching. For example, courts have found trust agreement provisions that call for lifetime terms of appointment, that give trustees the power to appoint and or remove themselves, those that limit removal for cause or limit removal to putting that in the hands of the other trustees. None of those have been found to permit the termination of a trustee's services on reasonably short notice under the circumstances. So each of those provisions in other cases has been found to be unlawfully entrenched. We have all of them. When I look at your requests for relief, it was to remove them. There were a number of requests, but none of them, none of the requests for relief was to enjoin them from taking measures that would change benefits or pay them more money or, I mean, there was nothing that that seemed to address the status quo. I'm sorry, I'm not sure that I understand exactly what you're asking. Well, the relief that you were asking as preliminary relief had addressed addressed removing them. It was all basically the final relief. Did you ever just ask the judge to maintain the status quo and enter an order that would prohibit them from changing the benefits? You addressed actions that they had done previously, but prohibit them from doing things that are contrary to the interests of the beneficiaries, as opposed to removing them or doing, getting basically everything you're asking for. No, we did not specifically ask for that. And the reason for that is because it's our belief that these two individuals serving in any capacity on the Board of Trustees moving forward is irreparable harm to the participants because they are not representatives of the participants in that they have no connection to the union anymore. And so we viewed that to be irreparable harm. We also based our request for preliminary injunction off of the cases that came before ours. So Blevins was the most recent one in 2020 and the other cases that I had mentioned previously that and that was the request that was requested and the request that was granted in those cases. So we believe that there was precedent to ask for that relief in that form. I see that I only have a few more minutes. So I did want to, unless there are any other questions on the issue of unlawful entrenchment and the preliminary injunction, I'll move on to the motion to dismiss. Well, because we've never in the Sixth Circuit, we've never acknowledged this theory of entrenchment or anything like that. I'm really trying to kind of get my arms around it. So, you know, the Board voted for this change and I get it. The union says, well, wait a second, our separate bylaws say that we get to, you know, say who our trustees are and now you've changed this. But even though there's equal representation between the employer's trustees and the union's the trustees themselves have individual fiduciary duties and vote pursuant to their individual fiduciary duties. So while there may be some, I don't know, some suggestion or thought that they're going to vote as a block, there's no guarantee that that's the case. So I have a hard time understanding how, what the injury is. The union still has the same number of trustees there. They still have the same responsibilities. I get the union can't now remove them by saying, hey, we're all going to vote together and remove you. No, all the trustees vote to do that. But how is that causing an injury to the fund or the participants? Right. So initially, first you talk about that it was the trustees themselves that amended the plan or amended the agreement. But those two of the amendments wouldn't have passed. But for defendants Smith and Clark voting in their favor and they're blocking plaintiff Sherwood's ability to nominate new trustees. So while there's equal representation because they each have votes, you know, the votes are weighted. There are only five trustees currently sitting on the board and there should be eight union trustees. Also, those amendments, they weren't passed in the best interest of the participants. They were passed with the complete focus of making it more difficult for the union to remove defendants Smith and Clark. So the change for it to be three-fourths of all trustees instead of three-fourths of the union trustees, that change was made because they knew that if there was a full slate of union trustees and the union wanted them removed, they would be removed. That's why that change was there. There was also another change that these two voted for, even though it was directly to keep them entrenched on the fund, was that these individuals could remain as trustees on the fund even though they're no longer members of the union. Those were the amendments that were made and they weren't made to help the funds. They were made in the interest of defendants Smith and Clark and defendants Smith and Clark have reason for those amendments because they also are employees of the fund. Trustees are not supposed to be serving for compensation. They have a duty of loyalty to the participants themselves, which now they have dual loyalties because they also are receiving income and health insurance benefits from the plan. I have a couple of follow-up questions. I'm going to wait for a rebuttal. Okay. Thank you, your honor. Good afternoon, your honors. May it please the court, my name is Evan Priestly. I represent defendants Jeremy Turry, Chad Hudepole, Joe Conley, James Eck, Jeff Kovick, and Kyle Young. Together, we've always referred to those defendants as the employer trustee defendants. There's one issue central to this appeal and that issue is whether district court abused its discretion when it concluded that the plaintiffs failed to prove that they would suffer imminent irreparable harm. Hold on. There's another issue and that's jurisdiction. Correct, your honor. I think resolving this first threshold issue ultimately is what I think dictates the second issue of the jurisdiction over the motion to dismiss. The motion to dismiss, I don't think anybody would dispute that it's not a final appealable order. There are still claims remaining against what we've called the union trustee defendants, defendants Smith and Clark in the district court. It's a matter of whether or not pendant jurisdiction comes into apply. Under this court's precedent in chambers from the late 90s, the standard for that is whether or not these issues are inextricably intertwined. Not just whether or not they're related, whether they're inextricably intertwined. The court said clearly in chambers that this is something that courts have to be hesitant to use their discretion to authorize. We cited a third district case that specifically referenced courts should even be more hesitant to authorize jurisdiction when the issue is whether or not pendant jurisdiction applies because of somebody asking for a preliminary injunction. Otherwise, plaintiffs could just simply put in their complaint, their request for preliminary injunction, it gets denied, and then all of a sudden there's pendant jurisdiction that could apply. The court should be very hesitant to find that there's inextricably intertwined issues here. Unless or until this court found that the district court abused its discretion in concluding that there was no imminent irreparable harm, there's absolutely no reason why this court would need to or should weigh into whether or not the district court correctly dismissed the claims against the employer trustee defendants. That's why I frame this as one issue that's central to that appeal, because unless or until that initial decision is made that the district court abuses discretion, then this court doesn't need to wade into that issue at all. Getting back to what I referenced as the one issue that's central to this appeal, the district court correctly held that it, I'm sorry, the district court did not abuse discretion because it concluded properly that there was no imminent or irreparable harm that couldn't be remedied by monetary damages. Well, how would... Okay, so now the trustees vote to change the benefits, and there are people who aren't getting benefits because of that vote. How does, and they're not getting this care or that care or whatever, I mean, how are monetary damages going to affect the benefits of the plaintiffs when they don't get the care that they need? And the district court specifically asked those questions to the plaintiffs during the preliminary injunction hearing. In fact, I think reviewing the transcript of the hearing, I think you'll see that the district court asked multiple times and reiterated, I expect to see some more evidence presented here of what the issue, where's the harm, where's something that's going to befall someone in this case, some plaintiff in this case that is imminent and irreparable. And the court concluded that there was nothing that was presented that showed that there was any risk of changes to benefits and specifically asked plaintiff's counsel, what vote is coming down the pike, I think is the specific phrase that district court used, what vote is coming down the pike that you can tell me is going to be voted on in a particular way that's going to cause harm to some unknown category of beneficiaries? And there was no response to that, that there was no evidence presented at the preliminary injunction hearing, there's no evidence in the record of that at all. And in the district court's opinion, it references that and says that essentially the plaintiff's counsel equivocated when she was asked about whether or not there was any evidence of this. And I think the district court also correctly cited to this court's precedent that in order for there to be imminent irreparable harm, it has to be something that is concrete, not something that is speculative or theoretical. If there is potentially a vote that comes up months down the road in a trustee's meeting, nobody knows how that's going to ultimately be voted on. So it would be theoretical to even conclude based upon some speculative concern in the near future and say that that constitutes imminent irreparable harm such that this court or the district court would take what this court has said is a jurassic remedy of granting a preliminary injunction. And to your point, Judge White, that you asked the plaintiff's counsel, we're not even talking about a status quo injunction here. We're talking about an injunction that is asking for affirmative things from the district court. Removal of trustees is the main one. I mean, that was the main thing that was being asked for in the entirety of this litigation at the district court level, was removal of these two trustees. And the underlying grounding for that is all under this idea that there's provisions within the trust agreement that should be considered unlawfully entrenching under ERISA and that that automatically equates to irreparable harm. So like I said, there wasn't discussion of, you know, votes or potential changes to benefits or anything that there was no beneficiary that came in and testified and said my benefits are going to be removed or I'm going to be harmed because I have this medical issue. And if that gets removed, then I'm going to be injured. There is no evidence like that in the record at the district court level. So back to this concept of whether or not entrenchment as a matter of law and whether or not that constitutes imminent reparable harm. Are you representing all the defendants? No, I'm sorry, Your Honor. I'm only representing what we've called the employer trustee defendants. Defendant Smith and Clark are represented by Mr. Kinzer. He has five minutes. I have, I think, four minutes remaining. So how is entrenchment relevant to your clients? Well, because they're asking for to use that as the basis to grant an injunction, which would impact my client's duties as trustees. And they have filed these claims as breach of fiduciary duty directly against my clients. And that, again, gets to, you know, a multitude of other issues that we have with these claims. Breach of fiduciary duty comes with individual liability. And there's only even one of these provisions that they are claiming is even unlawfully entrenching based upon this 1985 Department of Labor opinion letter and a few district court cases that have relied heavily on that. I mean, doesn't it, let me put it like this. There's something about this that does not pass the smell test. You have a situation where you have two trustees that are voting in ways, I mean, the easiest example, to cut off benefits. And there's no indication that the beneficiary's got something in return. And then you have them, it's a strange provision. Maybe it's not, and then you should correct me. But it seems like a strange provision that requires the vote of the employer representatives to remove the employee representatives. And, you know, I actually don't think that that is a strange provision, and specifically don't think it's a strange provision under the Supreme Court. What? I don't believe it's a strange provision, especially given the Supreme Court's governing case law on this issue. And the Supreme Court's governing cases cited throughout the district court's opinion and relied on heavily in our briefing. And that's NLRB versus Amex Coal. And this gets to the point that Judge Davis was raising with plaintiff's counsel when she was up here before. And it's this idea that, yes, there's an equal representation requirement under Section 302 C5B of the Taft-Hartley Act. But what the Supreme Court clearly said in its Amex Coal decision is that, yes, while there's an equal representation requirement, and I'm paraphrasing, obviously, but once you are... The duty is not to the fund. I'm sorry? The duty is not to the union. The duty is to the fund and the beneficiary. Correct. Exactly. And that's where... So this notion that the appointing authority, so the union for the trustees that they appoint or the employer-contractor association for my clients, the notion that those entities should have sole and complete and unfettered authority to remove trustees can't be squared with the Supreme Court's precedent in Amex Coal. And in fact, I think there's a particular phrase in that decision that I think has been left out a lot of the briefing. So I won't read the entire quote, but the very end of the quote says that... And also that an employer may not direct or supervise the decisions of a trustee that he has appointed. And obviously, that applies to both employer and union. So this notion... And that was the underlying holdings for all these district court cases that the plaintiffs solely rely on for this idea that entrenchment means automatic irreparable harm. And I had a... I wrote down a quote specifically the plaintiff's counsel said that she said that they now don't have the fear that the union will remove them from the trust. Well, that's specifically what the Supreme Court said in Amex Coal that the union doesn't have the ability to do. The employer or the union may not direct or supervise the decisions of a trustee that he has appointed. So this idea that without that ability, that means that these provisions are per se unlawful is turning Amex Coal completely on its head. And I think the court correctly analyzed Amex Coal, analyzed the opinions that the plaintiffs have relied on most solely for their argument that that constitutes irreparable harm and found that it doesn't constitute irreparable harm. And we submit that the district court did not abuse its discretion. And I see that I've run out of my time, but I'll happily answer any other questions that your honors may have. Thank you. Good afternoon. May it please the court, my name is Alan Kinzer and it's my pleasure to represent the what we'll call the union appointed trustees who are defendants here. And that is Warren Thomas Smith, goes by Tom Smith, and Dana Clark. And they are the subjects of the removal action that plaintiffs have brought. Appellants, plaintiffs have not met this court's standard for showing that the district court abused its discretion in denying appellants motion for preliminary injunction. After a three-day injunction hearing, the district court did exactly what the district court is supposed to do under the Sixth Circuit precedent. And that is the district court considered the evidence, the district court considered the Sixth Circuit's injunction standards, and appropriately and properly denied plaintiffs motion for preliminary injunction. First, appellants have not shown the irreparable harm. Any alleged harm that they have alleged, all these list of horribles that they accuse Smith and Clark of doing, are all subject to being compensable by monetary damages. We of course would dispute that throughout the litigation below and will do so. But at this point, at this if the harm can be compensated by monetary damages. Second, appellants' theory of inherent irreparable harm by entrenchment rams straight into the United States Supreme Court precedent under NLRB v. Amex Coal. The district court had a choice concerning the issue. It could on the one hand follow U.S. Supreme Court precedent of NLRB v. Amex Coal and the United States Supreme Court precedent concerning the power of an at-will appointment and removal. Or, on the other hand, the district court could follow a two-page U.S. Department opinion letter that doesn't address this U.S. Supreme Court precedent and the handful of district court cases that plaintiffs have cited that also do not address United States Supreme Court precedent in Amex Coal. So Amex Coal establishes that the trustee doesn't answer to the appointing authority, right? Yes, your honor. And that the authority has no right to direct the trustee in how to vote, all the rest of it. Yes, your honor. But does it stand for the proposition that the appointing authority cannot remove the, or that the appointing authority has to sit idly by if the trustee is self-dealing, harming the beneficiaries, or doing things that are breaches of fiduciary duty? Yes, your honor. I mean, in terms of the removal, the removal should be done pursuant to the trust agreements. And if those lists of horribles are actually occurring, then the appointing authority, of course, can go to the district court as well if it cannot get the removal done through the trust agreement. But the governing documents of a Taft-Hartley trust fund are necessarily the collective bargaining agreement between the union and the employers, the trust agreement, and then in terms of the administration of the ERISA plan, the actual ERISA plan document. Those are the three governing documents. The trust agreements here have the process for removal spelled out. And if those horribles are happening... I want to give you a hypothetical, okay? Okay. You have a functioning pension program under Taft-Hartley. You have an even number. The employer trustees make a deal with two of the union-appointed trustees to basically come over to their side and they compensate them. They compensate them through the fund. Now you have votes coming up. And all of a sudden, it becomes a vote of the employer trustees and those two employee trustees and the other trustees. And every vote is now coming out that way. And it gets to the point where the votes are to limit the benefits. Is there any recourse? Absolutely, there would be recourse. To sue all the trustees for breach of fiduciary duty, right? Yes, absolutely. You would have recourse to the U.S. Department of Labor. Through the complaint system there, you would have recourse through ERISA in filing the action. And you would have recourse with the other trustees in your hypothetical, raising these issues and bringing actions to remove the trustees under whatever the trust agreement is. Under my hypothetical, they are in cahoots. All of them are in cahoots. No, the employer trustees and the two that they bought off in my hypothetical. So they're not going to do anything. They love it. Well, the recourse would be then either through the U.S. Department of Labor or through a lawsuit. But it would not be through a preliminary injunction. But you're saying that the employee appointing authority would have no recourse against those two trustees? Yes, Your Honor, through a breach of fiduciary duty, correct. But the removal at will notion that the plaintiffs have and that's embedded in the plaintiff union and in the international union constitution, that removal at will is right up against the U.S. Supreme Court precedent here. Because removing at will necessarily can be done by, gee, you're not following what we told you to do. And that is, is it more about the fealty to the dear union leader or is it more for the benefit of the plan? When you have that at will language, that just butts up against the U.S. Supreme Court precedent on that absolute control and is contrary to the U.S. Supreme Court statement in Amex Cole. I see my time is up if there are no other questions. I would like to address the appellee's contentions regarding Amex Cole. I just don't think that there's a conflict there. I think that the district court erred in applying Amex Cole to to discuss a conflict. All of the cases, most if not all of the cases that are cited in our brief that discuss unlawful entrenchment were decided after Amex Cole and that case was not even discussed. I think that's because there's no conflict. I agree that it's true that trustees at all times are required to act in the best interest of participants and beneficiaries and also that they're subject to monitoring by the union and they're subject to potential removal by the union. Those things, they're just not a conflict. The union is, as appointing authority, has a fiduciary duty to monitor its trustees, not to monitor the trustees to say to supervise them or to tell them what to do, but to monitor the trustees to make sure that those trustees are not in breach of their fiduciary duties. And then if the union finds... Does it have a greater authority to monitor the employee trustees than the employer trustees? Aren't they all subject to the same duty? They are all subject to the same duty, but the union as appointing authority has a fiduciary duty to monitor the trustees that it appoints. By monitoring, that just means it has to make sure that those trustees are upholding ERISA and upholding the law. And if they come to find out that those trustees are in breach of their fiduciary duties, then they have the duty to remove them. And typically in these trust agreements, the union can remove those trustees immediately. And that is what plaintiff Sherwood tried to do in this case, was once he realized... Were you relying on for this part of your argument about the union's authority and obligation? I did cite... There are cases that I cited in my brief that discuss specifically the duty to remove breaching trustees and the fact that the union can actually be held liable for one of its trustees breaches if it knows about the breach and does nothing to stop it from continuing. I don't have those sites in front of me right now, but I did cite them in our briefing. Another thing that I think is important to note when we talk about employees serving at will, many Taft-Hartley plans allow for just this. They allow for unfettered appointment and removal authority by the union, and many courts have recognized this. And I think that when we think about employment at will, that is a completely different context when you're talking about an employee who is being paid by their employer and they would feel that pressure to do what the employer says as opposed to owing just a duty to someone else. Here, we're talking about the participants. Trustees here serve without compensation, and so there's not so much of a fear that if they go against the wishes of the union, for example, that they're going to lose their livelihood. That's not what this is, and I think that's why the requirement that these trustees serve without compensation is the way that it is. Another safeguard is even if the union decides that it removes all trustees and replaces them with others, there still isn't a concern that the union will get what it wants because if the union is doing something or is acting with some unscrupulous motive, there are the employer trustees there to make sure that the union doesn't abuse its power, and that's why these trust funds are required to have provisions where there's a deadlock provision that then goes to an arbitrator for a decision if they deadlock. Why isn't your remedy at law enough? I mean, Brother Counsel says the union can sue. You can bring this in district court. The injunctive relief that you're asking for is the thing that I think that I'm getting tripped up on. The optics of this are not great. I completely understand that, but in terms of saying that, I guess I'm getting back to this irreparable harm thing. Counsel says that in the district court, over and over, the district judge asks, what is this irreparable harm? I don't get what that showing is. Again, we are relying on the cases that have considered this before. Well, because it's going to be fact-specific for the union. In addition, they found that inherent irreparable harm, and now we're in a position where these two trustees that have no connection to the union are continuing to serve on this fund. I know I can't talk about things that are continuing to happen, but there is evidence in that Smith and Clark voted with the employer trustees in removing dental benefits. There was outrage from the participants about that. They ended up going back and reinstating dental benefits later. There was one individual who had submitted a claim for bariatric surgery. That was denied along the same lines with the two, what we're saying, improperly serving union trustees voting with the employer trustees. They're voting on their own compensation packages, and I get that maybe the monetary value of these things wouldn't put the fund into a state of where it might go under, but it is harm to these participants. It's harm in some of the other cases that consider this. It causes confusion to the plan participants. Who is there to represent us if there's this unlawful entrenchment, and is anyone there to protect us? I know that there's been questions. Did you discuss this bariatric claim before the dispute? There is, I believe, evidence in the record. We didn't have that participant come in and testify, but there is evidence in the record of that situation and of that vote. I see that I'm out of time. If there are any questions, I'd be happy to answer it. Thank you, counsel, for your argument. The case will be submitted.